**Karen HANDWERKER,**
**Plaintiff/Appellant,**

v.

**T.K.D. KID, INC., Defendant/Respondent.**

No. 69685.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 2, 1996.

**622**

Gary A. Growe, Clayton, for Appellant.

Karen A. Menghini, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for Respondent.

CRANDALL, Judge.

Plaintiff, Karen Handwerker, appeals from the trial court's grant of summary judgment in favor of defendant, T.K.D. Kid, Inc., in plaintiff's action for damages for bodily injury. Plaintiff claims injury when, as part of a women's self-defense seminar sponsored by defendant, she was subjected to a simulated attack. The trial court granted summary judgment based upon an exculpatory clause contained within a document titled "Seminar Receipt and Agreement" (Agreement) which she signed. We reverse and remand.

Plaintiff enrolled in a four-part seminar offered by defendant on self-defense techniques. She paid a fee and signed the Agreement. The Agreement contained the following clause:

> I, [plaintiff] understand that there is a risk in participating in above seminar and that I will assume all risks and liabilities in attending said seminar. The sponsor, any companies, corporations or employees and/or management of sponsor, companies or corporation promoting this seminar, as well as staff members or instructors of Amanat's Self–Defense System *shall not* be held responsible in the event of any injury incurred in the course of this seminar. I also acknowledge that I have read this agreement in it's [sic] entirety, and that I understand the terms of this agreement and have received a copy for my records.

The salient issue is whether the clause in question bars recovery by plaintiff. The Missouri Supreme Court considered a similar exculpatory clause in *Alack v. Vic Tanny International of Mo., Inc.,* 923 S.W.2d 330 (Mo.banc 1996). In considering the language of a general exculpatory clause, the court found the following:

> The better rule is one that establishes a bright-line test, easy for courts to apply, and certain to alert all involved that the future "negligence" or "fault" of a party is being released. The words "negligence" or "fault" or their equivalents must be used conspicuously so that a clear and unmistakable waiver and shifting of risk. occurs. There must be no doubt that a reasonable person agreeing to an exculpatory clause actually understands what future claims he or she is waiving.

*Id.,* 923 S.W.2d at 337–38.

Here, the exculpatory clause signed by plaintiff did not employ the terms "negligence" or "fault" or their equivalents so that a clear and unmistakable waiver occurred. *See id.,* 923 S.W.2d at 332. Accordingly, we hold that the exculpatory clause in the present action was ambiguous and that defendant did not insulate itself from liability for its future acts of negligence. Plaintiff's point is granted.

The judgment of the trial court is reversed and the cause is remanded.

CRAHAN, P.J., and DOWD, J., concur.